# SUPREME COURT.

THE PEOPLE *ex rel.* ALBERT STAGER agt. CHARLES S. STARR.

*Mandamus — the proper remedy to compel a public officer to perform a duty enjoined by law upon him*

A writ of *mandamus* will be refused, when there is an adequate remedy at law. But when a duty is plainly and flatly enjoined by law upon a public officer, he may be compelled by *mandamus* to do it.

A *mandamus* is the appropriate and proper remedy by a supervisor of a town, to compel the county treasurer to sue the bond of his predecessor, for not paying over school moneys as required by section 11 of chapter 567 of Laws of 1875.

Where the *mandamus* applied for is to compel official action, if the statute requires such action, the relief must be granted.

*Ulster Special Term, July,* 1878.

MOTION for a peremptory *mandamus* to compel the county treasurer of Sullivan county to sue the official bond of James R. Knight, former supervisor of the town of Lumberland, in said county, for not paying over school moneys to his successor, the relator.

*Mr. Stewart* and *Mr. Linson,* for motion.

*Mr. T. F. Bush,* opposed.

WESTBROOK, *J.* — The facts upon which this motion depend, are all conceded. James R. Knight has refused, on demand by his successor in the office of supervisor of the town of Lumberland, Sullivan county, who is Albert Stager, the relator, to pay over $815.22, conceded to be in his hands.

Stager was elected supervisor in March, 1878, and has duly qualified. Knight was elected to the same office in March, 1877. The money not paid over is the amount of a special tax levied upon the town, by a vote at the town meeting, in March, 1877.

Chapter 555, of the Laws of 1864, is entitled "An act to revise and consolidate the general acts relating to public instruction." Title 3 of said act is entitled "Of the state, *and other school moneys,* their apportionment and distribution, and herein, of trusts and gifts for the benefit of common schools." The thirty-first section of said title 3, requires the supervisor of every town to give a bond for the faithful disbursement of the school moneys which shall come into his hands, which section is amended by section 11 of chapter 567 of Laws of 1875, entitled, "An act to amend chapter 555, of the Laws of 1864, entitled, 'An act to revise and consolidate the general acts relating to public instruction,'" so as to read as follows: "Immediately on receiving the commissioner's certificate of apportionment, the county treasurer shall require of each supervisor, and each supervisor shall give to the treasurer, in behalf of the town, his bond, with two or more sufficient sureties, approved by the treasurer, in the penalty of at least double the amount of the school moneys set apart or apportioned to the town, and of any such moneys unaccounted for by his predecessor, conditioned for the faithful disbursement, safe keeping and accounting for such moneys, *and of all other school moneys* that may *come into his hands* from *any source.* If the condition shall be broken, *the county treasurer shall sue the bond in his own name in behalf of the town,* and the money recovered shall be paid over to the successor of the supervisor in default, such successor having first given security as aforesaid."

Knight gave a bond under this statute, and so has the relator Stager. The county treasurer has refused upon request to bring a suit upon the Knight bond, and this motion is by the present supervisor, Stager, to compel him to do so.

In addition to the bond, which Knight gave under the act, entitled "An act to revise and consolidate the general acts relating to public instruction," as amended by chapter 567 of the Laws of 1875, he also gave two others. One in the penalty of $1,000 dollars, payable to the town clerk or to his successor in office, conditioned that he "shall faithfully discharge his duties as such supervisor, and shall well and truly keep, pay over and account for all moneys belonging to his town, and coming into his hands as such supervisor, without fraud or delay." The other is in the penalty of $4,500, and payable to the town clerk or to his successor in office, and conditioned, that the said James R. Knight "shall faithfully discharge his duties as such supervisor, and shall well and truly keep and pay over, and account for all moneys belonging to his town, and coming into his hands as such supervisor, without fraud or delay."

The county treasurer objects to the granting of the writ of *mandamus*, because, he says, there is an adequate remedy at law to obtain the money by suit upon the two bonds, to which reference has just been made. The general principle undoubtedly is, that the writ of *mandamus* will be refused when there is an adequate remedy at law, but as the relief sought in this proceeding, is to compel a suit at law by the county treasurer upon an official bond of a supervisor of a town, given specially and only to protect the school moneys which might come into his hands by virtue of his office, it is not seen what other remedy the law gives to compel him to do his duty. When a duty is plainly and flatly enjoined by law upon a public officer, he may be compelled by *mandamus* to do it (*People ex rel. The N. Y. & H. R. R. Co.* agt. *Havemeyer*, 47 *How.*, 494). It is no answer to the application to say, "it is true the law requires me to do what the *mandamus* asked for will compel, but the party who asks me to do my duty can get the moneys which he wishes me to sue for, by a suit to be brought by the town clerk upon another bond given by the same party." If the present supervisor of Lumberland should

adopt the suggestion of the county treasurer, and require the town clerk to sue, and he should refuse, then the town clerk to an application for a *mandamus* to compel him to bring suit, might say, the supervisor has a remedy at law by having a suit brought on the bond given to the county treasurer. Manifestly, this argument will not answer the application, and the objection is a perversion of a sound principle. The *mandamus* applied for is to compel official action, and if the statute requires such action the relief must be granted.

A reference to the statutes under which the bond is given, which the supervisor requires the treasurer to sue makes this application very clear. The title of the act under which such bond is given, "An act to revise and consolidate the general acts relating to public instruction," and the title of the title which requires it: "Of the state, *and other school moneys*, their apportionment and distribution, and herein of trusts and gifts for the benefit of common schools," the amendment of that act as recently as 1875, by chapter 567 thereof, and the special provision by section 11 of the amendatory statute in regard to the bond, clearly and distinctly show, that whatever other statutes may exist in regard to bonds of supervisors, that one requiring a bond thereunder, and making it obligatory upon the county treasurer to prosecute it, when broken, is now fully in force. This mandatory statute must be obeyed. It is not in any way repealed, modified or changed, and the bond covers any and "all" school moneys which the supervisor obtains.

It is very doubtful if the other bonds are applicable. The one is said to have been given under chapter 78 of Laws of 1866, which requires it to be made in accordance "with the requirements of chapter 179 of the Laws of 1856." The act of 1856 requires a bond to the county treasurer (*sec.* 20 *of act of* 1856) and this one was given to the town clerk. It is, therefore, probably bad. Chapter 534 of the Laws 1866 as amended by chapter 721 of the Laws of 1868, probably refer to the

general bond of the supervisor, and not to that specially and specifically to be given for the school moneys.

Without, however, discussing any further, or deciding what can be recovered upon the two bonds given to the town clerk, and to remedies upon which, the county treasurer seeks to confine the present supervisor of Lumberland, it is enough to say, that the bond which such treasurer holds very clearly covers the money in the hands of the late supervisor and not paid over, and that the law requires him to sue it, and he must. It is no defense for him to tell us that perhaps a remedy to obtain the moneys can be had upon another bond. The law marks out his duty, it is plain and clear, and we cannot misunderstand its provisions.

The application for the peremptory writ of *mandamus* is granted.